BONIN, J.,
CONCURS WITH REASONS.
hi respectfully concur in the grant of the relief to suppress the evidence of the crack cocaine and drug paraphernalia seized from Mr. Nicholas’ hotel room without a warrant. See Stoner v. California, 376 U.S. 483, 490, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) (“No less than a tenant of a house, or the occupant of a room in a boarding house, ..., a guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures.... ”). With respect to the suppression of the statement, which followed the unconstitutional seizure, I also concur, but only because on the particular facts of this case the prosecution did not satisfactorily establish that Mr. Nicholas’ statements were an “act of free will.” See Wong Sun v. U.S., 371 U.S. 471, 486, 83 S.Ct. 407, 9 L.Ed.2d 441.
The Fourth Amendment violation was not flagrant. While is true that the police did not obtain a warrant to search, they did seek to obtain the consent of the hotel owner, who is Mr. Nicholas’ mother. Consent provides a well-recognized exception to the warrant requirement. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). “[T]he purpose and flagrancy of the official misconduct” is a particular factor to be considered in determining whether the post-violation inculpatory or incriminating statement is attenuated from the violation. Brown v. Illinois, 422 U.S. 590, 603-604, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The police in this case were not rogues, set |2on violating Mr. Nicholas’ constitutional rights. They were simply wrong in their assessment that the hotel owner’s consent was sufficient.[1]
The prosecution did not contend in the trial court any of the factors which might have resulted in a finding that the post-seizure statement was attenuated and should not be excluded as a “fruit of the poisonous tree.” See Kaupp v. Texas, 538 U.S. 626, 633, 123 S.Ct. 1843, 155 L.Ed.2d 814 (2003). In this case, the deterrent purpose of the exclusionary rule might *109 have been adequately served by the exclusion of the crack cocaine evidence alone. “Attenuation also occurs when, even given a direct causal connection, the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained.” Hudson v. Michigan, 547 U.S. 586, 593, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006).
ARMSTRONG, C.J., DISSENTS.
hThe defendant-relator has an adequate remedy on appeal if convicted. Therefore, I would deny the writ application.

. Notably, the experienced trial judge, learned in the law, considered that the owner’s consent under the circumstances was sufficient.